ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELIAS LINARES, YVETTE SPADY,
MOSETTA MOREHEAD, and KEITH
CLARK,

          Plaintiffs,

  -against-

ALPHONSO JACKSON, in his capacity as
the Secretary for the UNITED STATES
DEPARTMENT OF HOUSING & URBAN
DEVELOPMENT, and the UNITED
STATES DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT; and
PRESCIENT, INC.,

          Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-876 (FB) (KAM)

*Appearances*

| For the Plaintiffs: | For the Defendants: |
|---|---|
| MICHAEL L. WEISBERG, ESQ. | BENTON J. CAMPBELL, ESQ. |
| South Brooklyn Legal Services | United States Attorney |
| 105 Court Street, 3rd Floor | Eastern District of New York |
| Brooklyn, NY 11201 | By: ZACHARY A. CUNHA, ESQ. |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

        On January 3, 2008, this Court declared 24 C.F.R. § 247.10 facially unconstitutional because the regulation fails to afford tenants in HUD-owned subsidized housing due process. *See Linares v. Jackson*, 531 F. Supp. 2d 460 (E.D.N.Y. 2008) (the "M&O"). The Court assumes familiarity with the M&O, which also set a hearing to allow the parties "to address the natures and contours of the notice and hearing required by the Due Process Clause." M&O, 531 F. Supp. 2d at 472. HUD timely filed a motion for

reconsideration pursuant to Local Civil Rule 6.3 and oral argument was held on April 8, 2008.

As HUD acknowledges, "a motion for reconsideration will be granted by a district court only where the court has overlooked matters or controlling decisions 'which, had they been considered, might reasonably have altered the result reached by the court.'" Mot. for Reconsideration at 2 (quoting *Campbell v. Cantor Fitzgerald & Co., Inc.*, 205 F.3d 1321, 1999 WL 1424999, at *1 (2d Cir. 1999) (Table)). While HUD has presented the Court with new information — that plaintiffs Elias Linares ("Linares") and Keith Clark ("Clark") are no longer HUD tenants — this information does not alter the M&O's declaration that § 247.10 is facially unconstitutional; however, because Linares and Clark are no longer subject to eviction, the issue of the type of notice and hearing to which they would otherwise be entitled is academic.[1]

I

In seeking reconsideration, HUD argues that the case has become moot because (1) neither Linares nor Clark lived in HUD-owned housing at the time the M&O was issued, and (2) HUD voluntarily agreed to cease using "no cause" eviction proceedings as to MOU properties.[2] HUD also argues that the M&O's relief exceeded that requested

---

[1] Plaintiffs' counsel represented at oral argument that Linares had moved out of HUD housing in order to purchase his own home; HUD has represented to the Court that Clark's building was sold from HUD to a private landlord who does not receive HUD funding.

[2] Specifically, HUD "has undertaken to no longer allow its managing contractors to bring 'no cause' eviction proceedings against tenants in any of the remaining [properties subject to the memorandum of understanding between HUD and New York

2

by the complaint because plaintiffs did not seek a declaration of unconstitutionality.

Both of HUD's mootness arguments fail under well-established exceptions. As an initial matter, the Court's holding that 24 C.F.R. § 247.10 is facially unconstitutional should not be rendered nugatory since the Court had not been apprised at the time the M&O was issued that Linares and Clark were no longer subject to the regulation. In any event, cases raising the issue of the legality of "no cause" evictions should not be rendered moot since they are "capable of repetition, yet evading review," *DeFunis v. Odegaard*, 416 U.S. 312, 318-19 (1974); as exemplified by Linares, tenants facing such evictions are likely to relocate rather than run the risk of summary eviction in order to preserve the justiciability of their federal lawsuit.

Nor is this case rendered moot because HUD voluntarily ceased using "no cause" eviction proceedings with respect to the MOU properties; the Supreme Court has held that "the voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot," *DeFunis*, 416 U.S. at 318 (quotation marks and citation omitted); moreover, to the extent that HUD's concession references only MOU properties, it suggests that "no cause" evictions may surface in respect to other HUD properties.

HUD's second argument, that declaring 24 C.F.R. § 247.10 facially unconstitutional exceeds the scope of the relief requested by plaintiffs, is equally

---

City's Department of Housing Preservation and Development dated January 31, 2002 (the 'MOU')]." Mot. for Reconsideration at 10. These properties are referred to as the "MOU properties."

3

unavailing. The Federal Rules of Civil Procedure allow the Court to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," Fed. R. Civ. P. 54(c); because § 247.10 impermissibly deprives tenants of HUD-owned housing due process in all instances, plaintiffs were entitled to a declaration that it is facially unconstitutional. *See Secretary of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 966 (1984) (declaring statute facially unconstitutional where "[t]he flaw in the statute is not simply that it includes within its sweep some impermissible applications, but that in all its applications it operates on a fundamentally mistaken premise").

## II

Although the Court holds that the case remains justiciable for the purpose of declaring 24 C.F.R. § 247.10 facially unconstitutional, the need to address the contours of the notice and hearing to which plaintiffs would have been entitled to if they were still subject to eviction is, as plaintiffs' counsel acknowledged during oral argument, now academic. *See Webster v. Reproductive Health Services*, 492 U.S. 490, 506-07 (1989) (Federal courts are "not empowered to decide . . . abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." (quotation marks and citations omitted; ellipses in original)).

## III

The Court restates that 24 C.F.R. § 247.10 is facially unconstitutional; while the M&O did not specifically enjoin HUD from enforcing § 247.10, lest there be any question about the effect of the Court's declaration, the Court does so now. *See Hubbard*

*v. U.S. E.P.A. Adm'r*, 809 F.2d 1, 11 (D.C. Cir. 1986) ("[F]ederal courts have jurisdiction to grant equitable relief to remedy agency violations of constitutional rights."). Presumably, HUD will apply the procedures delineated in §§ 247.1-9, including the notice and hearing provisions, to all tenants of HUD-owned multifamily housing.

## CONCLUSION

HUD's motion for reconsideration is denied with respect to the Court's declaration that 24 C.F.R. § 247.10 is facially unconstitutional, and HUD is enjoined from enforcing § 247.10; however, the motion is granted insofar as the need to address the type of notice and hearing to which plaintiffs are entitled has been eviscerated.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 5, 2008